SAMUEL N. PUSEY *v.* CYRUS PYLE and JOSEPH PYLE.

IN an action on a promissory note by an indorsee against the makers of it with an affidavit of the cause of action and a copy of the note filed with the declaration by the indorsee, but without containing a copy of the indorsement, or any reference to it, the signature of the indorser to it will be taken to be admitted unless it is denied by the affidavit of the defendants when they filed their pleas.

ASSUMPSIT on a promissory note for $2500 at three months from the defendants to the order of William Pyle and by him indorsed in blank, and now in the hands of the plaintiff. A copy of the note had been filed with the declaration by the counsel for the plaintiff, but the defendants had filed no affidavit with their pleas denying their signatures to it.

*Gordon,* for the plaintiff, without proving their signatures to it, offered the note in evidence as admitted by virtue of the provision of the statute, that in such a case the defendants would not be allowed to deny their signatures, or that of any party to the instrument without such an affidavit. *Rev. Code.* 378, *sec.* 5.

*Patterson,* for the defendants. The action was not against the makers of the note by the payee of it, and who had simply indorsed his name in blank on the back of it, but the copy of the note filed with the declaration, not only contained no copy of the indorsement, but contained no statement of it, and no reference whatever to it. Was that such a copy of the note as was required by the statute to be filed with the narr when the action is by an indorsee, and not the payee of it?

*By the Court.* The words of the statute are general and broad enough to cover this case, and the copy of the note filed was sufficient to apprise the defendants of the note on

which they were sued, and which it is alleged in the narr was made to Wm. Pyle, and was afterward indorsed by him, and if they intended to require proof of his indorsement at the trial, they should have denied it by their affidavit filed when they entered their pleas. And not having done so, it must be taken to be admitted. Besides, the copy of the note filed with the affidavit of the plaintiff, is sufficient to take it to the jury without any proof as to the making of the note, or of the signatures of the makers of it under the strictest construction of the words of the statute, and that of itself puts it in evidence before them. The objection is, therefore, overruled and the note is admitted in evidence.